IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS CRACRAFT,<br><br>Plaintiff,<br><br>vs.<br>UTAH VALLEY UNIVERSITY and JARED<br>LESSER dba JL HOME DESIGN,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:19-cv-00124-TC |

Plaintiff Travis Cracraft, who is proceeding pro se, brought this action against Utah

Valley University (UVU) and Jared Lesser, alleging a conspiracy involving an algorithm he

described in 2003 while enrolled at the school.  The court has three motions pending before it:

UVU's Motion to Dismiss (ECF No. 7) and Motion for Entry of judgment (ECF No. 9), and Mr.

Cracraft's Motion for Extension of Time to respond to UVU's Motion to Dismiss (ECF No. 10).

But to resolve these motions, the court must first resolve the effect of Mr. Cracraft's Notice of

Voluntary Dismissal (ECF No. 8), in which he sought to dismiss all claims against both

Defendants.  For the reasons set forth below, the court finds that UVU is no longer a party to the

case, and the pending motions are moot.

## PROCEDURAL BACKGROUND

Mr. Cracraft initiated this case on February 22, 2019, and the parties began to litigate as

expected.  Mr. Lesser filed an Answer (ECF No. 6), and UVU filed a Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6).  But, on April 12, 2019, Mr. Cracraft filed

a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Because Mr. Lesser had filed an answer, the Clerk's Office noted in the docket entry that "an

answer has already been filed on 3/13/19 so cannot close the case per F.R.C.P. 41(a)(1)(A)(i)."

(Docket Text, ECF No. 8.)  Soon after, UVU filed a Motion for Entry of Judgment, where it took

the position that Mr. Cracraft's Notice had effectively dismissed the claims against UVU.

Mr. Cracraft then filed two additional documents with the court, both of which suggest

that he believes his Notice did not dismiss either of the two Defendants.  First, he sought an

extension to file an amended complaint or otherwise respond to UVU's Motion to Dismiss.

Second, he filed a Response to UVU's Motion for Entry of Judgment in which he confirmed his

earlier desire to dismiss the entire action.  But he also announced that he intends to file an

amended complaint against UVU and Mr. Lesser—apparently under the assumption that both

parties remain in the case.

The court must now determine the consequence of Mr. Cracraft's Notice of Voluntary

Dismissal, and its effect on the other pending motions.

DISCUSSION

Federal Rule of Civil Procedure 41 provides a number of ways in which parties can

dismiss a case or claims.  Relevant here, Rule 41(a)(1)(A) allows a plaintiff to dismiss an action

without an order from the court.  The plaintiff may do so unilaterally, by filing "a notice of

dismissal before the opposing party serves either an answer or a motion for summary judgment."

Fed. R. Civ. P. 41(a)(1)(A)(i).  Otherwise, the plaintiff must file "a stipulation of dismissal

signed by all parties who have appeared."  Id. 41(a)(1)(A)(ii).  While a Rule 12(b) motion can, in

some circumstances, substitute for an answer, the two filings operate differently for the purpose of dismissal.  An answer will close a plaintiff's door to unilateral voluntary dismissal under subsection (i), and a Rule 12(b) motion (unless formally converted by the court into a motion for summary judgment) will not.  See Van Leeuwen v. Bank of America, N.A., 304 F.R.D. 691, 692–93 (D. Utah 2015).

The Tenth Circuit has not squarely addressed whether Rule 41(a)(1)(A), which speaks of dismissing an "action," allows the dismissal of claims against just one of multiple defendants. While the Second Circuit may prohibit such piecemeal dismissal, "the sounder view and the weight of judicial authority is to the contrary."  9 Wright & Miller, Fed. Practice & Proc. § 2362 (3d. ed. 2019); see, e.g., Van Leeuwen, 304 F.R.D. at 697; O'Neill v. Jaramillo, No. CV 11-0858 JB/GBW, 2012 WL 13081211, at *3 (D.N.M. Jan. 18, 2012).  This holds true even when remaining defendants have filed answers or motions for summary judgment and are no longer subject to dismissal.  Aggregates (Carolina), Inc. v. Kruse, 134 F.R.D. 23, 25–26 (D.P.R. 1991).

A notice of voluntary dismissal under Rule 41(a)(1)(A) is self-executing, and effective upon filing.  Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003).  As a result, "[o]nce the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."  Id. (quoting Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001)).

In light of this framework, the court has no choice but to recognize that Mr. Cracraft's Notice of Voluntary Dismissal effectively dismissed all claims against UVU.  His Notice is unequivocal: he states that he "hereby gives notice that the above-captioned action is voluntarily dismissed, without prejudice against the defendants Utah Valley University and Jared Lesser."

(ECF No. 8, at 1.)  He confirmed his intent in his Response to UVU's Motion for Entry of Judgment.  (ECF No. 12, at 2 ("I decided to utilize FRCP 41(a)(1)(A)(i) to voluntarily dismiss the action with the knowledge that I'd be able to make the same claims, with others, in a later lawsuit.").)

Faced with Mr. Cracraft's Notice, the court's function is simply to determine whether UVU or Mr. Lesser had filed answers or motions for summary judgment.  Janssen, 321 F.3d at 1000–01.  UVU had not, so the Notice was self-executing—the claims against UVU were thereby dismissed, and UVU is no longer a party to the case.  But since Mr. Lesser had filed an answer, the Notice was not effective for the claims against him—those claims remain, and Mr. Lesser remains a party to the case.

Consequently, the court lacks jurisdiction to resolve UVU's pending Motion to Dismiss, rendering that motion—and Mr. Cracraft's Motion for Extension of Time to respond to it—moot. And since Mr. Cracraft's Notice was effective upon filing, UVU's Motion for Judgment is also moot.

ORDER

For the foregoing reasons, the court TERMINATES UVU's Motion to Dismiss (ECF No. 7) as moot, DENIES Mr. Cracraft's Motion for Extension of Time (ECF No. 10) as moot, and TERMINATES UVU's Motion for Judgment (ECF No. 9) as moot.  UVU is hereby dismissed as a party to the case, and its counsel need not attend the upcoming status conference scheduled for May 15, 2019.

DATED this 13th day of May, 2019.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge